Jonathan Paul Fielding (JF 4676)
*Attorney for Plaintiff*
*Kenneth Muzzonigro*
129 Third Street
Mineola, NY 11501
(516) 479-0859

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
KENNETH MUZZONIGRO,                       :
                                          :
                    Plaintiff,            :     **COMPLAINT**
                                          :
         -against-                        :
                                          :
KEVIN J. DRISCOLL, as the                 :
administrator of the METAL TRADES         :
BRANCH LOCAL 638 PENSION FUND,            :
THE METAL TRADES BRANCH LOCAL 638         :
PENSION FUND,                             :
                    Defendants.           :
                                          :
------------------------------------------X

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Savings Act of 1974, as amended, 29 U.S.C. Section 1001 *et. seq.* ("ERISA"), and under the common law of New York State. This Court has jurisdiction under 28 U.S.C. Sec. 1331.

2. Venue is proper in the Southern District of New York according to 28 U.S.C. 1391 because the defendant conducts business there and the events which give rise to the claim occurred in the Southern District of New York.

## THE PARTIES

3. At all relevant times herein, plaintiff Kenneth Muzzonigro ("Muzzonigro") resided in the State of New York, County of Suffolk.

4. Muzzonigro is a member in good standing of the Enterprise Association Metal Trades Branch Local Union 638 ("Union"), which has its principal offices located at 32-32 48th Avenue, Long Island City, New York 11101.

5. Airvel Airconditioning Corporation ("Airvel") is a corporation organized under the laws of the State of New York with its principal place of business located at 246 Broadway, Garden City Park, New York 11040.

6. Defendant The Metal Trades Branch Local 638 Pension Fund ("Fund") is a pension fund under the meaning of ERISA, with its principal office located at 5 Penn Plaza, New York, New York 10001.

7. Defendant Kevin Driscoll ("Administrator") is the plan administrator of the Fund.

8. Airvel is a signatory to the collective bargaining agreement between Union and the relevant trade association, the Service Contractors Division of the Mechanical Contractors Association of New York, Inc., covering refrigeration, air conditioning, air cooling, oil burner and stoker service and maintenance technicians ("collective bargaining agreement").

9. Muzzonigro is an employee of Airvel covered by the collective bargaining agreement.

## FACTS

10. Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

11. The collective bargaining agreement expressly provides in Article IX ("On-Call Time) that "[c]ompensation for on-call time will be agreed to between employer and employee, but at a minimum of $7.00 per day." This provision devolves the responsibility for negotiating compensation for on-call time to the individual employee and employer

12. Muzzonigro negotiated an arrangement with his employer, Airvel, under which he would be on-call twenty-four hours per day, seven days per week, fifty-two weeks per year. For this service, Muzzonigro would be paid a fixed amount of wages and pension contributions for these hours of on-call time.

13. Pursuant to this arrangement, Airvel made contributions on Muzzonigro's behalf to the Fund.

14. Fund accepted these contributions for the last six years, and sent Muzzonigro written acknowledgments of both the hours paid and contributions received that were attributable to Muzzonigro.

15. On or about October 27, 2004, Fund sent Muzzonigro

a letter that listed his accumulated contributions to the Fund as $86,124.00, and his monthly pension benefit as $3,859.24.

16. On or about February 11, 2005, Fund sent another letter to Muzzonigro. This letter decreased his accumulated contributions to the Fund to the amount of $51,574.00 and his monthly pension benefit as $2,822.74.

17. On or about February 25, 2005, Muzzonigro sent a letter to the Fund challenging the inaccuracies in its letter of February 11, 2005, specifically the under reporting of actual accumulated contributions made on his behalf.

18. In or about March 2005, Muzzonigro met with the Administrator the Fund to try and resolve this problem. After the Administrator refused to correct the amount of accumulated contributions, on or about April 4, 2005, Muzzonigro sent a letter to the Administrator asking him to reconsider his decision.

19. On or about April 26, 2005, Administrator sent Muzzonigro a letter stating that the Fund would not allow the disputed contributions to be credited to Muzzonigro's account, and that he had 60 days to appeal the denial to the Board of Trustees of the Fund.

20. On or about June 16, 2005, Muzzonigro sent a letter to the Administrator, requesting an appeal of the Administrator's decision to the Board of Trustees of the Fund.

21. On September 22, 2005, at a meeting of the Board of Trustees of the Fund, Muzzonigro's appeal of the Administrator's determination was heard.

22. By letter dated December 15, 2005, counsel to the Fund, Richard S. Brook, Esq., delivered the decision of the trustees of the Fund to deny Muzzonigro's appeal.

## COUNT I

23. Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

24. The Rules and Regulations for the Pension Plan define "Total Accumulated Contributions" in Article I, Section 10, as "the sum of Employer Contributions made on behalf of an Employee throughout his career as required by the Collective Bargaining Agreement".

25. The Metal Trades Branch Local 638 Pension Plan Summary Plan Description provides that the monthly accrued

benefit includes 3% of total accumulated employer contributions to date of retirement".

26. Defendants determined that "the hours in dispute were not covered employment under the Collective Bargaining Agreement ("CBA") and thus were not a permissible basis for contributions to the Pension Fund."

27. Defendants determination of benefits was arbitrary and capricious, in violation of ERISA, and defendants breached their fiduciary duty and violated ERISA in disallowing contributions made on plaintiff's behalf.

## COUNT II.

28. Plaintiff repeats realleges and reincorporates all prior allegations as though fully set forth herein.

29. The Fund sent plaintiff annual updates which listed the total accumulated contributions received by the Fund on plaintiff's behalf, including the amounts which have been since disallowed by the Administrator.

30. The Fund represented to plaintiff that he was a participant in the Fund, that he could expect to receive the full benefits of a participant, and that his monthly benefits on retirement would include 3% of the total accumulated employer contributions made on his behalf.

31. The Fund's representations constitute a promise made by it to the plaintiff that the Fund would accept these employer contributions made on plaintiff's behalf and that the Fund would credit plaintiff's account therefor.

32. Plaintiff relied upon this promise in planning for his retirement, and in negotiations with his employer regarding his compensation for on-call time.

33. Plaintiff has been injured by his reliance upon the Fund's promise by his monthly pension benefits being decreased, as well as the loss of the opportunity to negotiate different terms with his employer in order to secure his retirement.

34. If the Fund's promises to plaintiff are not enforced, an injustice will result.

35. The Fund is estopped from reneging on its promise to Plaintiff to provide a pension benefit to him based upon accumulated employer contributions made on his behalf.

WHEREFORE, the plaintiff demands judgment against the defendant and prays:

    (a) That this court find that the defendant Fund and defendant Plan Administrator acted arbitrarily and capriciously in disallowing contributions made on plaintiff's behalf, and annul the administrator's determination disallowing these contributions made to the Fund, and order the Administrator to credit plaintiff's account with the Fund for all contributions made on his behalf;

    (b) that this court award the plaintiff counsel fees, disbursements, and costs pursuant to ERISA; and

    (c) that this court award the plaintiff such other and further relief as may be just and equitable.

Dated:    Mineola, New York
           October 26, 2006

                          Yours, etc.,

                          /s Jonathan Paul Fielding
                          Jonathan Paul Fielding (JF-4876)
                          *Attorney for Plaintiff*
                          *Kenneth Muzzonigro*
                          129 Third Street
                          Mineola, NY 11501
                          (516) 479-0859

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
                                                :
KENNETH MUZZONIGRO,                             :
                                                :
                           Plaintiff,           :
                                                :
              -against-                         :
                                                :
KEVIN J. DRISCOLL, as the                       :
administrator of the METAL TRADES               :
BRANCH LOCAL 638 PENSION FUND,                  :
THE METAL TRADES BRANCH LOCAL 638               :
PENSION FUND,                                   :
                           Defendants.          :
------------------------------------------------X


## COMPLAINT


LAW OFFICES OF JONATHAN PAUL FIELDING
*Attorneys for Plaintiff*
*Kenneth Muzzonigro*
129 Third Street
Mineola, NY 11501
(516) 479-0859